# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION-BAY CITY

IN RE:

   JAMES BEAUREGARD BORUSZEWSKI        CASE NO. **09-22816-dob**
   MICHELLE LYNN BORUSZEWSKI          CHAPTER 7
   Debtors,                                                    JUDGE DANIEL S OPPERMAN

CHASE BANK USA, N.A.
Plaintiff,

v.

JAMES BEAUREGARD BORUSZEWSKI and
MICHELLE LYNN BORUSZEWSKI,
Defendants,

### COMPLAINT TO DETERMINE THE NON-DISCHARGEABILITY
### OF DEBT TO CHASE BANK USA, N.A.

The Plaintiff Chase Bank USA, N.A, through its attorney Lawrence G Reinhold of Weinstein & Riley, P.S., states as follows:

### First Claim for Relief
### Non-Dischargeability of Debt

1.    This is a complaint to determine the dischargeability of certain indebtedness owed to Chase Bank USA, N.A. by Defendants JAMES BEAUREGARD BORUSZEWSKI and MICHELLE LYNN BORUSZEWSKI. This complaint is filed pursuant to Federal Rule of Bankruptcy Procedure 7001(6).

2.    This Court has jurisdiction in this adversary proceeding pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334 since this proceeding arises in the above-captioned Chapter 7 case currently pending in this federal judicial district. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

3.    Chase Bank USA, N.A. was a National Banking Association at the time the debts were incurred and is an FDIC insured institution.

4. At all times mentioned, Chase Bank USA, N.A. granted to JAMES BEAUREGARD BORUSZEWSKI and MICHELLE LYNN BORUSZEWSKI an extension of credit under an open end credit plan in the form of a credit card bearing Account No. xxxx-xxxx-xxxx-6289. A true and correct copy of the Statement of Account is attached hereto and made a part of this complaint.

5. JAMES BEAUREGARD BORUSZEWSKI and MICHELLE LYNN BORUSZEWSKI utilized the aforementioned line of credit, creating a balance due and owing on this account of $ 27,368.37 including interest as of the date the bankruptcy petition was filed on an account with a credit limit of $ 26,000.00.

6. JAMES BEAUREGARD BORUSZEWSKI and MICHELLE LYNN BORUSZEWSKI did not schedule the debt as disputed.

7. On April 20, 2009, 102 days before the filing of the entry of the Order for Relief, JAMES BEAUREGARD BORUSZEWSKI and MICHELLE LYNN BORUSZEWSKI incurred a charge on the account to pay a tax to a governmental unit, other than the United States, for a tax measured by income opr gross receipts for a taxable year ending on for before the entry of the Order for Relief.

8. On April 16, 2009, 2009, 106 days before the filing of the entry of the Order for Relief, JAMES BEAUREGARD BORUSZEWSKI and MICHELLE LYNN BORUSZEWSKI obtained a cashadvance in the amoutn of $ 3,500.00 with fees of $ 105.00.

9. On April 16, 2009, 2009, 106 days before the filing of the entry of the Order for Relief, JAMES BEAUREGARD BORUSZEWSKI and MICHELLE LYNN BORUSZEWSKI obtained a cashadvance in the amoutn of $ 3,500.00 with fees of

$ 105.00.

10.    JAMES BEAUREGARD BORUSZEWSKI and MICHELLE LYNN BORUSZEWSKI set forth in the schedules that they have monthly expenses in the amount of $ 3,710.00 and a net monthly take home income of $ 3,715.11 leaving $ 5.11 each month for the payment of credit card debt totaling $ 35,674.95.

12.    JAMES BEAUREGARD BORUSZEWSKI and MICHELLE LYNN BORUSZEWSKI set forth in the schedules that they have unsecured debt totaling $ 35,674.95.

13.    JAMES BEAUREGARD BORUSZEWSKI and MICHELLE LYNN BORUSZEWSKI set forth in the schedules that they have assets of $ 196,851.00 and liabilities of $ 224,285.68 which renders JAMES BEAUREGARD BORUSZEWSKI and MICHELLE LYNN BORUSZEWSKI insolvent pursuant to 11 U.S.C. § 101(32).

14.    Each time that JAMES BEAUREGARD BORUSZEWSKI and MICHELLE LYNN BORUSZEWSKI used the Chase Bank USA, N.A. credit card, JAMES BEAUREGARD BORUSZEWSKI and MICHELLE LYNN BORUSZEWSKI necessarily or concomitantly manifested either an actual or implied representation to repay the debt incurred. *In re Rembert*, 141 F.3d 277, at p 281, (6th Cir. 1998).

15.    Chase Bank USA, N.A. justifiably relied upon JAMES BEAUREGARD BORUSZEWSKI and MICHELLE LYNN BORUSZEWSKI 's representations of repayment.

16.    Chase Bank USA, N.A. was induced to lend money to JAMES BEAUREGARD BORUSZEWSKI and MICHELLE LYNN BORUSZEWSKI by the representations of

repayment and has suffered damage in the amount of $ 9,679.94 and this reliance was the proximate cause of the loss suffered by Chase Bank USA, N.A.

17.	At the time the JAMES BEAUREGARD BORUSZEWSKI and MICHELLE LYNN BORUSZEWSKI obtained the extension of credit on the account, they were cognizant of their inability to repay the extension of credit.

18.	By obtaining and or accepting an extension of credit from Chase Bank USA, N.A. JAMES BEAUREGARD BORUSZEWSKI and MICHELLE LYNN BORUSZEWSKI did not have an intention to repay the $ 9,679.94 and JAMES BEAUREGARD BORUSZEWSKI and MICHELLE LYNN BORUSZEWSKI were cognizant of the fact that they did not have the ability nor intention to repay the extension of credit in full to Chase Bank USA, N.A..

19.	By reason of the foregoing, JAMES BEAUREGARD BORUSZEWSKI and MICHELLE LYNN BORUSZEWSKI obtained money from Chase Bank USA, N.A. through a material misrepresentation of their intention to repay the debt which as of the time the debt was incurred they knew to be false or which they made with gross recklessness as to its truth.

20.	JAMES BEAUREGARD BORUSZEWSKI and MICHELLE LYNN BORUSZEWSKI, therefore, had a specific intent to deceive Chase Bank USA, N.A. by accepting the benefits of the extension of credit without ever intending to repay the same.

21.	Pursuant to 11 USC § 523(a)(2), JAMES BEAUREGARD BORUSZEWSKI and MICHELLE LYNN BORUSZEWSKI obtained money, property, services, or any extension or renewal, or refinancing of credit by false pretenses, a false representation, or actual fraud and JAMES BEAUREGARD BORUSZEWSKI and MICHELLE LYNN BORUSZEWSKI should not be granted a discharge of this debt to Chase Bank USA, N.A. in the amount of $ 9,679.94.

WHEREFORE, Chase Bank USA, N.A. asks that this Court grant the following relief:

1. An order determining that such debt is non-dischargeable under 11 USC § 523(a)(2);

2. A judgment in favor of Chase Bank USA, N.A. and against JAMES BEAUREGARD BORUSZEWSKI and MICHELLE LYNN BORUSZEWSKI in the amount of $ 9,679.94, plus accrued interest at the contractual rate from and after April 16, 2009, costs, and additional interest at the contractual rate, which will continue to accrue until the date of judgment herein;

3. Such other and further relief as this Court deems just and equitable.

Dated: October 28, 2009

**WEINSTEIN & RILEY, P.S.**
/s/ *Lawrence G Reinhold*
**LAWRENCE G REINHOLD**
Attorney for Chase Bank USA, N.A.
Weinstein & Riley, P.S.
525 Rocky Hollow Drive
Akron, Ohio 44313-5945
(330) 869-2833
facsimile number: (330) 869-2844
lawrencer@w-legal.com
Michigan Bar Number: P45594